**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

SECURITY ALARM FINANCING
ENTERPRISES, L.P. d/b/a SAFEGUARD
SECURITY,

            Plaintiff,

vs.

MIKAYLA NEBAL; *et.al.*,

            Defendants.

Case No. 2:16–cv–592–JCM–VCF

**REPORT AND RECOMMENDATION**

      Before the court are Safeguard's motion to strike (ECF No. 92) and Nebel's response (ECF No. 98).[1]  For the reasons stated below, Safeguard's motion should be denied.

### I. Background

      In September 2015, Safeguard sued Nebel.  (ECF No. 1)  The company alleged that Nebel had continued to use Safeguard's trademarks after the company had ended its sponsorship contract with her.  (*Id.*)  In her answer, Nebel raised 14 affirmative defenses and brought 2 counterclaims.  (ECF No. 60)  Nebel's counterclaims asserted that Safeguard's trademarks were generic, and thus the company was unable to trademark them.  (*Id.*)  Safeguard now moves to strike Nebel's counterclaims as redundant and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 92)

/// /// ///

/// /// ///

/// /// ///

---

[1] Saefguard's reply was due on October 20, 2106.  As of October 25, 2016, the court has not received the company's reply.

1

## II. Discussion

1. <u>Safeguard's Motion to Strike Should Be Denied</u>

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike are generally disfavored, and "courts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse v. Las Vegas Metropolitan Police Dept.*, 290 F.R.D. 535, 543 (D.Nev. 2013). "Requiring a showing of prejudice is especially common where the basis for the motion to strike is redundancy, as it is generally accepted view that a motion to strike for redundancy ought not to be granted in the absence of a clear showing of prejudice to the movant." *Russell Road Food & Beverage, LLC v. Galam*, No. 2:13-cv-776-JCM-NJK, 2013 WL 6684631 at *2 (D.Nev. Dec. 17, 2013)(internal quotations omitted).

Here, Safeguard has not made the required threshold showing of prejudice. The company argues that Nebel's counterclaims simply restate her affirmative defenses. (ECF No. 92) However, Safeguard does not describe how it will be prejudiced if it had to conduct discovery on Nebel's affirmative defenses and counterclaims. (*Id.*) It appears that the similar factual and legal underpinnings of Nebel's affirmative defenses and counterclaims would make it easier for Safeguard to conduct discovery on both matters simultaneously. Without a showing of prejudice, this court denies Safeguard's motion to strike.

Even if Safeguard had made a showing of prejudice, this court would deny Safeguard's motion to strike. "A dismissal of counterclaims [for declaratory relief] as redundant is not warranted simply because they concern the same subject matter or arise from the same transaction as the complaint." *City of Lindsay v. Sociedad Quimica y Minera de Chile S.A.*, Civ. N. 11-46 LJO SMS, 2011 WL 2516159 at *3 (E.D.Cal. June 21, 2011). A court should strike a counterclaim "only when it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim." *Id.*

Contrary to Safeguard's contention, Nebel's affirmative defenses and counterclaims are not identical. 28 U.S.C. §2202 allows Nebel to obtain "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." "Further relief" may include monetary damages or other relief not originally requested by the party. *See Columbia Casualty Company v. Abdou*, Case No. 15-cv-80-LAB(KSC), 2016 WL 4417711 at *1 (S.D.Cal. Aug. 18, 2016). If Nebel prevailed on her counterclaims, the court could award her monetary damages under §2202; an option that would not be available if she prevailed on an affirmative defense. *See id.* Since there is no complete identity between her affirmative defenses and counterclaims, Nebel's counterclaims are not stricken as redundant.

2. <u>This Court Will Not Consider Safeguard's Request for Dismissal</u>

In the alternative, Safeguard requests that the court dismiss Nebel's counterclaims under Federal Rule of Civil Procedure 12(b)(6).

The District of Nevada Local Rules do not permit Safeguard's conjunctive motion. "Each type of relief requested or purpose of the document, a separate document must be filed and a separate event selected for that document." LR IC 2-2(b)  For example "separate documents must be filed for a motion to dismiss and a motion to sever, rather than filing a motion to dismiss and to sever in one document." Id. Safeguard's motion to strike and motion to dismiss should have been filed as separate motion and under separate docket entries. Nebel appears to have identified this violation of the local rules. Her response only addresses Safeguard's motion to strike, and not its motion to dismiss. (ECF No. 98)  This court thus construes the entire motion (ECF No. 92) as a motion to strike.

"Rule 12(f) does not authorize district courts to strike claims … on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir.

2010).  In *Whittlestone*, the plaintiff sued the defendant for breach of contract.  *Id.* at 972.  The defendant moved to strike the plaintiff's claims for lost profits and consequential damages.  *Id.* at 973.  The defendant claimed that the plaintiff's damages were barred as a matter of law.  *Id.*  The district court granted the motion to strike, finding that the stricken damages were barred under both California and Missouri contract law.  *Id.*  On appeal, the Ninth Circuit held that a Rule 12(f) motion to strike was not the proper vehicle to dismiss a claim as a matter of law.  *Id.* at 974.  A matter stricken under Rule 12(f) must be either: (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous."  *Id.* at 973-74.  Since the defendant's motion was brought under Rule 12(b)(6) and not on any of the aforementioned grounds, the district court erred when it granted the motion to strike.  *Id.*

Safeguard devotes approximately 2 pages of its motion to strike to an argument that Nebel's counterclaims fail to state a claim for relief under Rule 12(b)(6).  (ECF No. 92 at 6-9).  This argument is foreclosed by *Whittlestone*: Safeguard cannot use a Rule 12(f) motion to strike to raise a Rule 12(b)(6) argument.  *Id.*

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Safeguard's motion to strike (ECF No. 92) be DENIED.

IT IS SO RECOMMENDED.

DATED this 25th day of October, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4