UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SECURITY ALARM FINANCING ENTERPRISES, L.P. d/b/a SAFEGUARD SECURITY,<br><br>Plaintiff(s),<br><br>v.<br><br>MIKAYLA NEBEL, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-592 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiff Security Alarm Financing Enterprises, L.P.'s ("SAFE") motion for default judgment against defendant Russell Niggemyer. (ECF No. 101).

Niggemyer is the sole defendant remaining in this civil action; his co-defendant, Mikayla Nebel, was dismissed with prejudice on April 6, 2017. (ECF No. 121). Notably, Nebel's dismissal moots her counterclaims, which in turn moots Magistrate Judge Ferenbach's report and recommendation. (ECF No. 100).

Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The party must apply to the court for default judgment when the claim's sum value is uncertain. Fed. R. Civ. P. 55(b)(2).

Obtaining a default judgment is a two-step process:

> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has

**James C. Mahan**
**U.S. District Judge**

entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

*UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).

The choice whether to enter a default judgment lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When determining whether to grant a default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

When applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

Niggemyer was served with the summons on September 23, 2015. (ECF No. 7). Defendant filed a motion to dismiss for lack of personal jurisdiction with the United States District Court, Northern District of California on November 9, 2015. (ECF No. 23). That court granted the motion, finding that defendants "did not expressly aim" any alleged copyright infringement at California. (ECF No. 52 at 12). The order further ~~found~~ suggests plaintiff's claims were not frivolous and filed in good faith. (*See id.*). That court transferred the action to the United States District Court, District of Nevada on March 14, 2016, ~~where~~ because both defendants were citizens of Nevada. (*Id.* at 13).

Niggemyer continued to communicate with plaintiff but failed to appear or otherwise respond to the complaint after the case was transferred. (ECF No. 101). Due to defendant's

James C. Mahan
U.S. District Judge

- 2 -

inaction, plaintiff filed a motion for entry of clerk's default (ECF No. 88), and the clerk entered default against defendant on September 26, 2016. (ECF No. 91).

Applying the *Eitel* factors, the court holds that default judgment is appropriate. (EFC No. 101). First, without judgment, plaintiff will be unable to prevent Niggemyer from using products that are still in his possession and bear SAFE's mark. (*Id.* at 7). Defendant previously used the marks without plaintiff's consent; it appears he encouraged Nebel's social media posts featuring plaintiff's mark while ignoring plaintiff's cease and desist letters. (*Id.* at 8). Thus, Niggemyer's behavior suggests plaintiff's claims have merit and these claims are well-pled in plaintiff's complaint. (*Id.*).

Second, plaintiff seeks injunctive relief and damages, calculated from federal copyright statutory limits. (*Id.* at 9); *see also* 17 U.S.C. § 504(c)(2). Third, there are no issues of material fact and defendant's post-transfer inaction does not suggest excusable neglect. (*Id.* at 12).

Finally, default judgment is appropriate because plaintiff will suffer irreparable harm from Niggemyer's continued trademark infringement without injunctive relief and damages. (*Id.* at 14). In sum, the *Eitel* factors weigh in favor of this court granting plaintiff's motion.

Plaintiff has properly complied with Federal Rule of Civil Procedure 55. Therefore, after considering the *Eitel* factors, the court finds good cause to grant the motion for default judgment.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for default judgment (ECF No. 101) be, and the same hereby is, GRANTED.

. . .

. . .

. . .

IT IS FURTHER ORDERED that plaintiff shall prepare and file an appropriate judgment, which will close the case, for the court's signature within seven (7) days of this court's order.

DATED May 30, 2017.

                                             _____
                                             UNITED STATES DISTRICT JUDGE