**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITY ALARM FINANCING ENTERPRISES, L.P. d/b/a SAFEGUARD SECURITY, | Case No. 2:16-CV-592 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| MIKAYLA NEBEL, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Security Alarm Financing Enterprises, L.P.'s proposed final judgment in a civil action and permanent injunction. (ECF No. 124). This court has reviewed and will adopt the proposed judgment, with two caveats: (1) this court clarifies that it received the transferred action on March 17, 2016, (ECF No. 55) and; (2) plaintiff has not presented sufficient proof for its calculation of requested attorneys' fees, which are permissible under 15 U.S.C. § 1117(a). *See Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) ("[T]he district court also erred by not developing an adequate record to establish the reasonableness of the total fee award."); *see also Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014) (defining the term "exceptional," with reference to 15 U.S.C. § 1117(a)).

Therefore, the court will grant the relief requested in the proposed final judgment and reiterated below, with the exception of the $24,978.95 requested for attorneys' fees. (ECF No. 124).

Should plaintiff seek attorneys' fees pursuant to § 1117(a), it will file a corresponding motion for attorneys' fees within fourteen (14) days of the date of this order. That motion must comply with Local Rule 54-14. *See Branch Banking & Trust Co. v. Pahrump 194, LLC*, No. 2:12-

cv-1462-JCM-VCF, 2017 WL 536837, at *2 (D. Nev. Feb. 9, 2017) (denying a motion for attorneys' fees for failure to *strictly* adhere to Local Rule 54-14).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's proposed judgment (ECF No. 124) be, and the same hereby is, ADOPTED in accordance with the foregoing, and the following remedies shall be GRANTED:

1. Statutory damages in the amount of $30,000;
2. Costs in the amount of $426.87;
3. Post-judgment interest on the principal sum at the judgment rate from the date of entry of the Judgment until paid in full; and
4. "Niggemyer, and his agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation having knowledge of this Order by service or actual notice . . . are hereby permanently enjoined and restrained from using any reproduction, counterfeit, copy, or colorable imitation of the SAFE Marks in commerce including, without limitation: [] by selling, offering for sale, distributing, promoting, or advertising any good or service in connection with such reproduction, counterfeit, copy, or colorable imitation of the SAFE Marks."

(ECF No. 124 at 4–5).

IT IS FURTHER ORDERED that, should plaintiff seek attorneys' fees, it shall submit a corresponding motion requesting that relief within fourteen (14) days of the date of this order.

DATED June 14, 2017.

_____
UNITED STATES DISTRICT JUDGE