UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITY ALARM FINANCING ENTERPRISES, L.P. d/b/a SAFEGUARD SECURITY,<br><br>Plaintiff(s),<br><br>v.<br><br>MIKAYLA NEBEL, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-592 JCM (VCF)<br><br>ORDER |

Presently before the court is Magistrate Judge Ferenbach's report and recommendation. (ECF No. 100). No objections have been filed, and the deadline for filing objections has since passed.

Also before the court is plaintiff Security Alarm Financing Enterprises, L.P.'s motion for attorney's fees. (ECF No. 127). Defendant Russel Niggemyer has not filed a response, and the time for doing so has since passed.

**I.    Background**

This case, a trademark infringement action, was originally filed in the Northern District of California. Initially, the complaint named two defendants, Russel Niggemyer and Mikayla Nebel. Defendant Nebel has since been dismissed from the action.[1]

Defendant Niggemyer was served with a summons on September 23, 2015. (ECF No. 7). Defendant filed a motion to dismiss for lack of personal jurisdiction with the United States District Court, Northern District of California on November 9, 2015. (ECF No. 23). The court granted

---

[1] On April 6, 2017, the court granted a stipulation of dismissal with prejudice as to defendant/counterclaimant Mikayla Nebel. (ECF No. 121).

the motion, finding that defendants "did not expressly aim" any alleged copyright infringement at California. (ECF No. 52 at 12). The court transferred the action to the United States District Court, District of Nevada on March 14, 2016, because both defendants were citizens of Nevada. *Id.* at 13.

Defendant continued to communicate with plaintiff but failed to appear or otherwise respond to the complaint after the case was transferred. (ECF No. 101). Due to the defendant's inaction, plaintiff filed a motion for entry of clerk's default (ECF No. 88), and the clerk entered default against defendant on September 26, 2016, (ECF No. 91). On November 10, 2016, plaintiff filed a motion for default judgment against defendant (ECF No. 101), which this court granted on May 30, 2017, (ECF No. 122).

**II.    Legal Standard**

   *a. Report and recommendation*

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

   *b. Motion for attorney's fees*

Federal Rule of Civil Procedure 54(d)(2) allows a party to file a motion for attorney's fees if it: (1) is filed within 14 days after judgment is entered; (2) identifies the legal basis for the award; and (3) indicates the amount requested or an estimate thereof. Moreover, "[a] federal court sitting

in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). A Nevada trial court "may not award attorney fees absent authority under a statute, rule, or contract." *Albios v. Horizon Communities, Inc.*, 132 P.3d 1022, 1028 (Nev. 2006).

In *Brunzell*, the Nevada Supreme Court articulated four factors for a court to apply when assessing requests for attorney's fees:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

455 P.2d at 33. The trial court may exercise its discretion when determining the value of legal services in a case. *Id.* at 33–34.

Additionally, a trial court applying Nevada law must utilize *Bruzell* to assess the merits of a request for attorney's fees, yet that court is not required to make findings on each factor. *Logan v. Abe*, 350 P.3d 1139, 1143 (Nev. 2015). "Instead, the district court need only demonstrate that it considered the required factors, and the award must be supported by substantial evidence." *Id.* (citing *Uniroyal Goodrich Tire Co. v. Mercer*, 890 P.2d 785, 789 (Nev. 1995), *superseded by statute on other grounds as discussed in RTTC Commc'ns, LLC v. Saratoga Flier, Inc.*, 110 P.3d 24, 29 n.20 (Nev. 2005)).

**III.  Discussion**

*a.  Report and recommendation*

No party has objected to the report and recommendation. Further, as the court noted in its order dated May 30, 2017, the pending report and recommendation is moot due to the dismissal of defendant Nebel from the case. (ECF No. 122). Therefore, the court will reject the report and recommendation as moot.

. . .

. . .

. . .

*b. Motion for attorney's fees*

    *i. Eligibility for attorney's fees*

15 U.S.C. § 1117(a)(3), a section of the Lanham Act, authorizes courts to award attorney's fees in exceptional cases. The statute does not define the term exceptional, but the Ninth Circuit has clarified that when acts of infringement are malicious, fraudulent, deliberate, or willful, an award of attorney's fees is appropriate in a Lanham Act case. *Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002); *Playboy Enters., Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1276 (9th Cir. 1982). Subsequent cases citing *Rio Properties* have held that when a complaint pleads willful infringement and district court enters default judgment, the court must find that the infringement was willful when evaluating motions for attorney's fees. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008); *Teller v. Dogge*, no. 2-12-cv-00591-JCM-GWF, 2014 WL 4929413, at *6 (D. Nev. Sept. 30, 2014).

Here, the complaint alleges that defendant knowingly, intentionally, willfully and maliciously disregarded plaintiff's intellectual property rights. (ECF No. 1). Acting as an agent for defendant Nebel and in his own personal capacity, defendant Niggemyer ignored cease-and-desist letters and intentionally violated plaintiff's trademark rights. *Id.* As the court has granted default judgment in this case, the court must accept the noted factual allegations as true. *See Teller*, 2014 WL 4929413, at *6. Plaintiff is entitled to a judgment of attorney's fees in this case. *See Rio Props.*, 284 F.3d at 1023; *see also Poof Apparel*, 528 F.3d at 702.

    *ii. Evaluating the requested award*

Plaintiff requests the court award plaintiff $49,073.60 in attorney's fees. (ECF No. 127). In support of plaintiff's motion, it attached a declaration of counsel Steven A. Caloiaro, as well as an exhibit detailing a summary of the work performed. (ECF Nos. 127-1 and 127-2). The summary exhibit contains an itemized breakdown of fees incurred in maintaining the instant action. (ECF No. 127-2). The itemization of fees demonstrates that counsel efficiently performed tasks related to the litigation and assigned work in a cost-effective manner, as plaintiff's motion suggests. *See id.*; *see also* (ECF No. 127) (stating that plaintiff's counsel assigned tasks to associates with lower billing rates when appropriate).

Plaintiff's motion also addresses each of the factors under Local Rule 54-12 that a court must consider when ruling on a motion for attorney's fees. The court will review each factor in turn.[2]

### i. The results obtained

Plaintiff's counsel successfully resolved plaintiff's claims against defendant Nebel. (ECF No. 127). Plaintiff also obtained a monetary judgment of $30,000.00[3] and a permanent injunction against defendant Niggemyer. *Id.*

### ii. The time and labor required

In order to successfully advance plaintiff's claims, counsel filed and responded to numerous motions, including motions to dismiss, motions for entry of default, a motion for default judgment, and the instant motion for attorney's fees. (ECF No. 127). Plaintiff also participated in several rounds of settlement negotiations and drafted multiple proposed settlement documents. *Id.*

### iii. The novelty and difficulty of questions involved

Plaintiff's motion contends that trademark law is a specialized area of law. (ECF No. 127). The primary claims asserted in this case were Lanham Act trademark infringement and false endorsement as well as intentional misrepresentation. *Id.* Plaintiff represents that this case represented a moderate level of difficulty. *Id.*

### iv. The skill required to properly perform the legal service

Plaintiff contends that a high degree of skill was required to properly litigate this case, as trademark law is a specialized field that requires considerable knowledge and experience. (ECF No. 127).

### v. The preclusion of other employment by the attorney due to acceptance of this case

Plaintiff represents that, while this case did involve active participation, plaintiff's counsel was generally not precluded from accepting other work. (ECF No. 127).

---

[2] The court's discussion groups factors six and seven (the customary fee and whether it was fixed or contingent), as discussion of these factors overlaps.

[3] Statutory damages in this case could have been as high as $200,000. (ECF No. 127). However, plaintiff sought damages of $30,000 as well as a permanent injunction. *Id.*

James C. Mahan
U.S. District Judge

- 5 -

  *vi. The customary fee and whether it was fixed or contingent*

  Plaintiff states that its counsel charged a customary hourly rate for this assignment, which was not contingent upon any particular outcome. (ECF No. 127).

  *vii. Any time limitations imposed by the client or circumstances*

  The motion does not discuss any time limitations placed on counsel by plaintiff or by the nature of the case. (ECF No. 127).

  *viii. The experience, reputation, and ability of the attorneys*

  Plaintiff's motion details the extensive experience its counsel brought to this case,[4] which includes many years of litigation and trademark-related experience as well as multiple notable favorable judgments these litigators won for their clients. (ECF No. 127).

  *ix. The undesirability of the case*

  Plaintiff's motion mentions threats defendant made to plaintiff, to plaintiff's former counsel, and to material witnesses. (ECF No. 127). Plaintiff asserts these threats made this case more undesirable than similar trademark cases. *Id.*

  *x. The nature and length of the professional relationship with the client*

  Plaintiff's original counsel, Grennan, Peffer, Sallander, & Lally LLP, "has represented the Plaintiff for a number of years." (ECF No. 127). Plaintiff's current counsel, Mr. Caloiaro, has worked with plaintiff for approximately one year. *Id.*

  *xi. Awards in similar cases*

  Plaintiff cites three awards granted in similar cases to support its motion. (ECF No. 127).

  In *Teller v. Dogge*, no. 2-12-cv-00591-JCM-GWF, 2014 WL 4929413, at *7-8 (D. Nev. Sept. 30, 2014), the court awarded attorney's fees in the amount of $500,000.00. The case lasted two and a half years, contained rounds of discovery, and ended in default. *Id.* at *1.

  In *Nevada Property 1, LLC v. Newcosmopolitanlasvegas.com*, no 2-12-cv-00866-JCM-NJK, 2013 WL 167755, at *6 (D. Nev. Jan. 15, 2013), the court awarded attorney's fees in the

---

[4] Initially, Robert L. Sallander, Jr. and Kyle G. Kunst of Greenan, Peffer, Sallander, & Lally LLP represented plaintiff. When the case was transferred to the district of Nevada, Brownstein Hyatt Farber Schreck was hired as local counsel, and eventually assumed the substantive work on the case. Michael D. Rounds and Steven A. Caloiaro represented plaintiff through Brownstein Hyatt Farber Schreck. (ECF No. 127).

amount of $14,776.20. The case lasted eight months and did not have early motions to dismiss. *Id.* at *1.

In *Mayweather v. Wine Bistro*, no. 2:13-cv-00210-JAD-VCF, 2014 WL 6882300, at *10 (D. Nev. Dec. 4, 2014), the court awarded attorney's fees of $17,408.48. Counsel in that case did not have to file or respond to early motions to dismiss, and the court found rates between $295 and $675 to be reasonable for trademark litigation in Las Vegas, Nevada. *Id.* at *2.

*xii.* *Summary*

Plaintiff's motion demonstrates that its request for attorney's fees is reasonable in light of the demands of the instant litigation and counsel's favorable results obtained for the client. The court will grant plaintiff's motion, and award attorney's fees in the amount of $49,073.60.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Ferenbach's report and recommendation (ECF No. 100) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion for attorney's fees (ECF No. 127) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff shall prepare an appropriate judgment and submit it to the court forthwith for signature.

DATED January 19, 2018.

                                                                 UNITED STATES DISTRICT JUDGE